NUMBERS 13-10-176-CR and 13-10-177-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ROBERT DAN SEGURA, JR.                           Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                      

On appeal from the Criminal District Court 
of Jefferson County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Vela

          Appellant, Robert Dan Segura, Jr., was indicted in two cases for the offenses of
manslaughter and intoxication manslaughter with a deadly weapon that involved two
deaths. See Tex. Penal Code Ann. § 49.08 (a)(1)(2) (Vernon Supp. 2010). Appellant
pleaded guilty to intoxication manslaughter with a deadly weapon in both cases. The trial
court accepted the pleas, found Segura guilty and assessed punishment at ten years’
confinement in each case. The sentences were probated and the trial court ordered them
to run concurrently. Segura was placed on community supervision for ten years in both
cases. In 2009, the State sought to revoke Segura’s community supervision in both cases
for failure to: (1) report to his community supervision officer; (2) perform community
service hours; and (3) pay various fees. Segura pleaded “true” to all three counts. The
trial court entered judgment revoking Segura’s community supervision in both cases and
sentenced him to ten years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice, with the sentences in each case to run consecutively. We
affirm.
I. Anders Brief
          Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Segura’s
court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court,
stating that his review of the record yielded no grounds of error upon which an appeal can
be predicated. Counsel’s brief meets the requirements of Anders as it presents a
professional evaluation demonstrating why there are no arguable grounds to advance on
appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (“In Texas,
an Anders brief need not specifically advance ‘arguable’ points of error if counsel finds
none, but it must provide record references to the facts and procedural history and set out
pertinent legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.–Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991).
          In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Segura’s counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court’s judgment. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief and counsel’s motion to withdraw on Segura, and (3) informed Segura of
his right to review the record and to file a pro se response.


 See Anders, 386 U.S. at 744;
Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More
than an adequate period of time has passed, and Segura has not filed a pro se response. 
See In re Schulman, 252 S.W.3d at 409.
II. Independent Review
          Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel’s brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgments of the trial court.
III. Motion to Withdraw
          In accordance with Anders, Segura’s attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.–Dallas 1995, no pet.) (noting that “[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous”) (citations omitted)). We grant counsel’s motion
to withdraw. Within five days of the date of this Court’s opinion, counsel is ordered to send
a copy of the opinion and judgment to Segura and to advise him of his right to file a petition
for discretionary review.


 See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d
at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 
          
 
                                                                           ROSE VELA 
                                                                           Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
28th day of October, 2010.